**In the Matter of Brian W. SMITH.**

**No. 1184S434.**

Supreme Court of Indiana.

Jan. 6, 1986.

Dale P. Webster, Atty., Second Floor American Nat. Bank Bldg., Vincennes, for respondent.

Thelma E. Hall, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this case, Brian W. Smith, has been charged, in a Verified Complaint for Disciplinary Action filed by this Court's Disciplinary Commission, with violating Disciplinary Rule 1–102(A)(1), (4), (5) and (6) and 7–102(A)(8) of the *Code of Professional Responsibility.* After a hearing thereon, the Hearing Officer, appointed pursuant to Ind.R.A.D. 23, has submitted his Findings of Fact, Conclusions of Law, Memorandum of Decision and Recommendation. Neither party has challenged this report.

Upon review the matters now before this Court, we find that Brian W. Smith was admitted to the Bar of this State in 1972 and is, thus, subject to this Court's disciplinary authority.

In 1982, an individual, who had experienced difficulty in obtaining visitation with his children, retained the Respondent to represent him in a Petition for Modification of a dissolution decree regarding visitation. Thereafter, an agreement was entered whereby Respondent's client would be enti-

tled to four weeks summer visitation with the children.

On July 5, 1983, his client, who was stationed with the United States Army in Ft. Bragg, returned to Indiana for visitation. In anticipation of a refusal, he requested that the Respondent accompany him to his former spouse's home and witness the demand for the children. The client, his present wife, and the Respondent proceeded to the home that morning where they were refused the children. During the confrontation, the client's former spouse introduced a man suspected to be a live-in paramour.

The Respondent then prepared and filed a Petition to Modify custody and requested an emergency hearing to enforce visitation rights. After obtaining date for the emergency hearing, the Respondent, in order to expedite service, went to the former spouse's residence to personally serve her with the notice of the hearing. The Respondent knocked on the front and back doors, but received no answer. While in the back yard, he observed a 1974 Plymouth automobile; it was registered and licensed, but was not operative because of defective timing; the doors were shut and the windows, rolled up. After peering through the window, the Respondent observed certain items in the car, including envelopes bearing the suspected paramour's name with the address of the former spouse. The Respondent entered the vehicle, searched it and removed three envelopes bearing this name and address. The Respondent did not have permission to do this.

During the hearing on the Petition to Modify, the former spouse admitted that, on occasion, the male friend in question did spend the night at her home. The Respondent produced the envelopes he had acquired from the car and introduced them into evidence as exhibits for his client.

We conclude, from the foregoing findings, that the Respondent did engage in conduct involving dishonesty, conduct that is prejudicial to the administration of jus-

tice and conduct that adversely reflects on his fitness to practice law, in violation of Disciplinary Rule 1–102(A)(4), (5) and (6) of the *Code*. By entering this automobile and taking the envelopes found there, without any authority or permission, for the purpose of using the same in a legal proceeding, the Respondent engaged in illegal conduct defined as criminal conversion, I.C. 35–43–4–3, and theft, I.C. 35–43–4–2. By so doing, he violated Disciplinary Rule 7–102(A)(8) of the *Code of Professional Responsibility*.

As a lawyer, the Respondent has an obligation to represent his clients zealously, but within the framework of the law. The criminal laws and standards of professional conduct are components of such framework. Respondent's actions in this case indicate disdain for the rights and privacy of others, for professional standards and the laws of this state. Acts of "self-help", as exhibited in this case, are not a viable method for obtaining evidence; they are even more reprehensible when committed by attorneys. In determining the appropriate sanction, we are not unmindful of the fact that the Respondent did not set out to illegally obtain documents; he was lead into this course of conduct, step by step, by the strong desire to win his client's case, unfortunately, at the expense of all else.

With these considerations in mind and the particular nature of the misconduct found herein, we conclude that a brief period of suspension is appropriate.

It is therefore ordered that the Respondent, Brian W. Smith, be and he hereby is suspended from the practice of law in this State for a period of thirty (30) days beginning February 7, 1986. At the expiration of such period, the Respondent shall be automatically reinstated.

Costs of these proceedings are assessed against the Respondent.

PRENTICE, J., would impose a public reprimand.